IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **REGIONS BANK**, | § | |
| | § | |
| Plaintiff, | § | |
| v. | § | Civil Action No. **3:10-CV-2277-L** |
| | § | |
| **AMERICAN INTERNATIONAL** | § | |
| **HOMES, INC. and ANTONIO** | § | |
| **CABALLERO**, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Before the court is Plaintiff's Motion for Entry of Default Judgment Against Defendant American International Homes, Inc., filed May 16, 2011. After considering the motion, appendix, record, and applicable law, the court **grants** Plaintiff's Motion for Entry of Default Judgment Against Defendant American International Homes, Inc.

**I.     Background**

Regions Bank ("Plaintiff") filed its Original Complaint against Defendants American International Homes, Inc. ("American International") and Antonio Caballero ("Caballero") in this court on November 9, 2010, pursuant to the court's diversity jurisdiction. Plaintiff alleges that it signed a $75,000 business flexline credit agreement with American International on July 28, 2008. Pl.'s Compl. 2 ¶ 9. Plaintiff and American International later signed a $200,000 promissory note on April 21, 2009. *Id.* ¶ 10. Concurrently with the execution of the promissory note, Caballero executed and delivered a commercial guaranty which guaranteed full and timely payment of all debt owed by American International under the flexline credit agreement and promissory note (together, the "Loan Documents"). *Id.* at 3 ¶ 11. American International ultimately defaulted under the Loan

**Memorandum Opinion and Order – Page 1**

Documents by failing and refusing to pay all amounts owed. *Id.* ¶ 12. Plaintiff subsequently provided notice to American International of default and opportunity to cure on August 2, 2010. *Id.* To date, the outstanding amount owed to Plaintiff by Defendants under the Loan Documents is $281,337.45. *Id.* ¶ 13.

Plaintiff served American International on December 10, 2010. The clerk of the court made an entry of default as to American International on February 16, 2011. To date, American International has not filed an answer or made an appearance in this lawsuit. Caballero was served on March 22, 2011, and he filed an answer on April 21, 2011. Plaintiff now moves for default judgment against American International.

## II.     Default Judgment

### A.     Damages

"A default judgment is a judgment on the merits that conclusively establishes the defendant's liability. But it does not establish the amount of damages." *See United States v. Shipco Gen.*, 814 F.2d 1011, 1014 (5th Cir. 1987) (citing *TWA v. Hughes*, 449 F.2d 51, 70 (2nd Cir. 1971)), *rev'd on other grounds*, 409 U.S. 363 (1973); *G. & C. Merriam Co. v. Webster Dictionary Co.*, 639 F.2d 29, 34 (1st Cir. 1980)). If the amount of the judgment can be reliably computed from the record, and a party is otherwise entitled to default judgment, a default judgment can be entered without a hearing. *See James v. Frame*, 6 F.3d 307, 310 (5th Cir. 1991); *see generally* Fed. R. Civ. P. 55(b)(1) & (2). The court finds that because American International has neither filed an answer nor otherwise defended against Plaintiff's claim to the $281,337.45 amount, and because American International is not an infant, an incompetent or in the military, Plaintiff is entitled to judgment against American International. Plaintiffs ask the court to award $281,337.45 in total damages for delinquent

payments on the Loan Documents. The court determines that these damages are ascertainable from the Complaint, Plaintiff's motion, and the appendix attached thereto. Accordingly, Plaintiff is entitled to the $281,337.45 amount.

### B. Costs and Attorney's Fees

Plaintiff also seeks costs and reasonable attorney's fees totaling $8,119.83 pursuant to Chapter 38 of the Texas Civil Practice and Remedies Code. The court determines that attorney's fees are appropriately awarded in this case because of the court's finding that Plaintiff has prevailed on its breach of contract claim against American International. *See Kona Tech. Corp. v. Southern Pacific Transp. Co.*, 225 F.3d 595, 603 n.2 (5th Cir. 2000) (holding that Chapter 38 attorney's fees are mandatory under *Erie* when the plaintiff prevails on a breach of contract claim and recovers damages).

In support of its request for attorney's fees, Plaintiff submits the declaration of its attorney, Mark D. Cronenwett. The declaration details the billing methods of Mr. Cronenwett's law firm, Hilgier, Allen, & Lautin, P.C., and the hourly billing rates of the attorneys who have worked on Plaintiff's case.[*] The declaration further establishes that the expenditures for attorney's fees total $7,252.50 and the expenditures for costs total $867.33.

Having reviewed the declaration of Mark D. Cronenwett and the description of the firm's billing methods against the backdrop of applicable law, the court determines that Plaintiff is entitled to costs in the amount of $867.33 and reasonable attorney's fees in the amount of $7,252.50. Accordingly, the court will award these amounts to Plaintiff and determines that such rates for the

---

[*]The declaration states that approximately 28 total hours of legal work were necessary for Plaintiff's claims against American International and that the billing rates of the various attorneys working on the necessary matters ranged from $85 to $290 per hour.

**Memorandum Opinion and Order – Page 3**

legal and paralegal services rendered in this case were reasonable and consistent with the rates charged for like professionals within the Dallas area legal community.

Plaintiff further requests attorney's fees of $2,500 in the event that either party files a postjudgment motion, $10,000 if the case is appealed to the Fifth Circuit Court of Appeals, and $5,000 if the case is appealed to the Supreme Court of the United States. The court declines to address the issue of attorney's fees on appeal because it is premature, and the court lacks sufficient information to warrant such relief.

### III.   Conclusion

For the reasons stated, the court **grants** Plaintiff's Motion for Entry of Default Judgment Against Defendant American International Homes, Inc. Plaintiff is entitled to $281,337.45 in damages and $8,119.83 in reasonable attorney's fees and costs. In accordance with Rule 58 of the Federal Rules of Civil Procedure, a judgment will issue by separate document.

**It is so ordered** this 29th day of August, 2011.

Sam A. Lindsay
United States District Judge