IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **REGIONS BANK**, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. **3:10-CV-2277-L** |
| | § | |
| **AMERICAN INTERNATIONAL,** | § | |
| **HOMES, INC., and** | § | |
| **ANTONIO CABALLERO**, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Before the court is Plaintiff's Motion for Final Summary Judgment, filed July 16, 2012;

Plaintiff's Supplemental Brief and Evidence in Support of its Motion for Final Summary Judgment

Against Antonio Caballero, filed September 14, 2012; and Plaintiff's Supplemental Brief and

Evidence in Support of its Motion for Default Judgment Against Defendant American International

Homes, Inc., filed September 14, 2012.  After careful consideration of the motion, supplemental

briefing, evidence, and applicable law, the court **grants** Plaintiff's Motion for Final Summary

Judgment.  With regard to the issue of damages sought by Plaintiff in its Motion for Default

Judgment Against Defendant American International Homes, Inc., the court determines that Plaintiff

is entitled to **$310,224.27** in damages and **$8,119.83** in reasonable attorney's fees and costs.  Further,

because Antonio Caballero guaranteed the full satisfaction of American International Homes, Inc.'s

indebtedness under the Flexline Agreement and Note, including any outstanding principal and

accrued interest owed, all collection and legal costs, and the lender's reasonable attorney's fees owed

by American International Homes, Inc., he is also liable for the total amount of the judgment against

American International Homes, Inc.

**Memorandum Opinion and Order - Page 1**

## I.     Background

On November 9, 2010, Plaintiff Regions Bank ("Plaintiff' or "Regions Bank") brought this collection action involving a loan it made to American International Homes, Inc. ("AIH") that was guaranteed by Antonio Caballero ("Caballero").  Prior to filing this action, Regions Bank and AIH executed, on July 28, 2008, a business flexline credit agreement in favor of Regions Bank for $75,000 ("Flexline Agreement").   On April 21, 2009, Regions Bank and AIH also executed a promissory note ("Note") in favor of Regions Bank for $200,000.   Regions Bank alleges that it is and has been the owner and holder of the Flexline Agreement and Note (collectively, "Loan Documents") at all times relevant to this lawsuit.   Concurrently with the execution of the Note, Caballero executed and delivered a Continuing Commercial Guaranty ("Guaranty"), pursuant to which he "AGREE[D] TO GUARANTEE THE FULL AND PUNCTUAL PAYMENT, PERFORMANCE AND SATISFACTION OF THE INDEBTEDNESS" of AIH "NOW EXISTING OR HEREAFTER ARISING OR ACQUIRED, ON AN OPEN AND CONTINUING BASIS." Pl.'s Exh. A-1, 1 (emphasis in original). Regions Bank contends that AIH defaulted under the Flexline Agreement and Note by failing and refusing to pay the Loan Documents in accordance with their terms.  Regions Bank gave IAH notice of the default and an opportunity to cure on August 2, 2010. As of that date, Regions asserts that the total amount owed by AIH under the Loan Documents (and Caballero as a result of the Guaranty) was $281,337.

On May 15, 2011, Regions Bank moved for a default judgment against AIH.  The court granted the motion and entered a Default Judgment against AIH, concluding that AIH was liable on the debt under the Loan Documents in the amount of $289,457.28, which included $281,337.45 in damages and $8,119.83 in reasonable attorney's fees and costs.  On July 16, 2012, Regions Bank

**Memorandum Opinion and Order - Page 2**

moved for summary judgment against Caballero on account of his personal guaranty of the debt that is the subject of the AIH Default Judgment, contending that AIH failed to satisfy any portion of the Default Judgment taken against it in this action, and that Caballero has failed and refused to pay the outstanding debt in accordance with the Guaranty. Regions Bank maintains that the summary judgment evidence it submitted in support of its motion conclusively establishes that Caballero is liable on the Guaranty and that Regions Bank is entitled to judgment against Caballero in the amount of $289,457.28, which includes $8,119.83 for attorney's fees and costs incurred by Plaintiff in connection with its contract claim against AIH as evidenced by the AIH Default Judgment. Plaintiff also seeks attorney's fees and costs incurred in connection with the enforcement of the Guaranty against Caballero, together with prejudgment and postjudgment interest. Caballero, who is proceeding *pro se*, did not file a response to the summary judgment motion.

In reviewing Plaintiff's summary judgment motion, which was based in part on the Default Judgment previously entered against AIH, the court determined that there was insufficient evidence in the record to support the Default Judgment or Plaintiff's request for summary judgment against Caballero. On August 31, 2012, the court therefore vacated the damages and attorney's fees portion of its August 29, 2011 memorandum opinion and order and Default Judgment and directed Plaintiff to submit, by September 14, 2012, the following evidence in support of its summary judgment motion and motion for default judgment:

> evidence in support of its Motion for Default Judgment against AIH to establish that the $281,337.45 in requested damages is due and owing under the Loan Documents. If the amount loaned and owing under the Loan Documents is apparent on the face of these documents, then the Loan Documents may be submitted as evidence. The court does not vacate its finding as to liability. As previously noted, if the amount of damages requested also includes amounts other than the $275,000 loaned to AIH, Regions Bank must also submit evidence, in the form of an affidavit, declaration or

**Memorandum Opinion and Order - Page 3**

other evidence, to demonstrate how the interest or other additional amounts requested were calculated.

Likewise, Regions Bank is directed to submit, by September 14, 2012, in support of its Motion for Summary Judgment, evidence of the Loan Documents upon which the Guaranty is based and evidence to support the $289,457.28 in damages requested against Caballero pursuant to the Guaranty.

Doc. 36 at 2-3. The court further observed that the damages requested against Caballero, included $8,119.83 in reasonable attorney's fees and costs awarded to Regions Bank in the Default Judgment proceeding; however, because the Guaranty only provides for payment of attorney's fees and costs "incurred in connection with the enforcement of this Guaranty," Pl.'s Exh. A-1 at 2, the court advised that, unless Plaintiff can convince the court otherwise, the court will not be inclined to award it a double recovery of the fees incurred in connection with the Default Judgment against AIH, in addition to any fees incurred in connection with the enforcement of the Guaranty against Caballero. Doc. 36 at 3. Pursuant to the court's order, Plaintiff submitted supplemental briefing and evidence in support of its motion for default judgment against AIH and its summary judgment motion against Caballero.

## II.    Default Judgment

The court's August 29, 2011 memorandum opinion and order was only vacated with regard to the damages awarded, not the court's finding as to liability. Accordingly, the court addresses only the amount of damages to be awarded to Plaintiff as a result of AIH's default under the Loan Documents.

### A.    Damages

"A default judgment is a judgment on the merits that conclusively establishes the defendant's liability. But it does not establish the amount of damages." *See United States v. Shipco Gen.*, 814

F.2d 1011, 1014 (5th Cir. 1987) (citing *TWA v. Hughes*, 449 F.2d 51, 70 (2nd Cir. 1971)), *rev'd on*

*other grounds*, 409 U.S. 363 (1973); *G. & C. Merriam Co. v. Webster Dictionary Co.*, 639 F.2d 29,

34 (1st Cir. 1980)).  If the amount of the judgment can be reliably computed from the record, and

a party is otherwise entitled to default judgment, a default judgment can be entered without a

hearing.  *See James v. Frame*, 6 F.3d 307, 310 (5th Cir. 1991); *see generally* Fed. R. Civ. P. 55(b)(1)

& (2).

Plaintiff presented evidence to establish its entitlement to $310,224.27 in damages.  This

amount reflects the principal and accrued interest owed to Regions Bank by AIH under the Loan

Documents as of September 14, 2012, as well as late fees and costs.  AIH did not file an answer in

this action or otherwise defend against Plaintiff's claim totaling $310,224.27.  AIH is not an infant,

an incompetent, or a member of the military.  Plaintiff is therefore entitled to judgment against AIH

in the amount of $310,224.27.  The court determines that the damages sought by Plaintiff are

ascertainable from record, pleadings, and Plaintiff's supplemental brief and evidence.  Accordingly,

Plaintiff is entitled to an award of damages in the amount of **$310,224.27**.

### B.    Attorney's Fees and Costs

Plaintiff also seeks attorney's fees and costs pursuant to Chapter 38 of the Texas Civil

Practice and Remedies Code.  Under section 38.001, a claimant may recover reasonable attorney's

fees and costs if the claim is for a written contract.  The court determines that attorney's fees and

costs are appropriately awarded in this case based on the court's determination that Plaintiff has

prevailed on its breach of contract claim against AIH.  *See Kona Tech. Corp. v. Southern Pacific*

*Transp. Co.*, 225 F.3d 595, 603 n.2 (5th Cir. 2000) (holding that Chapter 38 attorney's fees are

mandatory under *Erie* when the plaintiff prevails on a breach of contract claim and recovers damages).

Plaintiff requests attorney's fees and costs totaling $8,119.83.  Of this amount, $7,252.50 is for attorney's fees and $867.33 is for costs incurred in connection with the case. The court must determine whether the requested amount is reasonable.  The record reflects that Plaintiff's counsel, Mark D. Cronenwett, has been licensed by the State of Texas for 20 years.  His practice primarily consists of handling cases involving general commercial litigation.  His hourly rate is $275 per hour, and the hourly billing rates of attorneys in Mr. Cronenwett's law firm who worked on Plaintiff's case range from $85 to $290 per hour.  The court finds that these hourly rates are within the range of the usual and customary rate charged by attorneys in the Dallas legal community with similar ability, competence, experience, and skill as that of Plaintiff's counsel and law firm for the services performed in cases of this nature.  Accordingly, the court finds that the hourly rate of $85 to $290 per hour is reasonable.

Although Plaintiff has produced no time records or evidence setting forth the number of hours expended, his counsel estimates that approximately 30 hours were spent on this case in connection with the contract claim against AIH.  The court finds that the number of hours were reasonable and necessary for the successful prosecution of this action and to obtain a default judgment against AIH.  Accordingly, the court determines that Plaintiff is entitled to an award of attorney's fees and costs in the amount of **$8,119.83**.

Plaintiff further requests attorney's fees of $2,500 in the event that either party files a postjudgment motion, $10,000 if the case is appealed to the Fifth Circuit Court of Appeals, and $5,000 if the case is appealed to the Supreme Court of the United States.  The court declines to

address the issue of attorney's fees on appeal because it is premature, and the court lacks sufficient information to warrant such relief.

## III.    Motion for Summary Judgment

Summary judgment shall be granted when the record shows that there is no genuine dispute as to any material fact and that the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-25 (1986); *Ragas v. Tennessee Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998).  A dispute regarding a material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict in favor of the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  When ruling on a motion for summary judgment, the court is required to view all facts and inferences in the light most favorable to the nonmoving party and resolve all disputed facts in favor of the nonmoving party.  *Boudreaux v. Swift Transp. Co., Inc.*, 402 F.3d 536, 540 (5th Cir. 2005).  Further, a court "may not make credibility determinations or weigh the evidence" in ruling on a motion for summary judgment.  *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000); *Anderson*, 477 U.S. at 254-55.

Once the moving party has made an initial showing that there is no evidence to support the nonmoving party's case, the party opposing the motion must come forward with competent summary judgment evidence of the existence of a genuine dispute of material fact.  *Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 586 (1986).  On the other hand, "if the movant bears the burden of proof on an issue, either because he is the plaintiff or as a defendant he is asserting an affirmative defense, he must establish beyond peradventure *all* of the essential elements of the claim or defense to warrant judgment in his favor."  *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th Cir. 1986) (emphasis in original).  "[When] the record taken as a whole could not lead a rational trier of fact

to find for the nonmoving party, there is no 'genuine [dispute] for trial.'" *Id.* (citation omitted). Mere conclusory allegations are not competent summary judgment evidence, and thus are insufficient to defeat a motion for summary judgment. *Eason v. Thaler*, 73 F.3d 1322, 1325 (5th Cir. 1996). Unsubstantiated assertions, improbable inferences, and unsupported speculation are not competent summary judgment evidence. *See Forsyth v. Barr*, 19 F.3d 1527, 1533 (5th Cir.), *cert. denied*, 513 U.S. 871 (1994).

The party opposing summary judgment is required to identify specific evidence in the record and to articulate the precise manner in which that evidence supports his or her claim. *Ragas*, 136 F.3d at 458. Rule 56 does not impose a duty on the court to "sift through the record in search of evidence" to support the nonmovant's opposition to the motion for summary judgment. *Id.*; *see also Skotak v. Tenneco Resins, Inc.*, 953 F.2d 909, 915-16 & n.7 (5th Cir.), *cert. denied*, 506 U.S. 832 (1992). "Only disputes over facts that might affect the outcome of the suit under the governing laws will properly preclude the entry of summary judgment." *Anderson*, 477 U.S. at 248. Disputed fact issues that are "irrelevant and unnecessary" will not be considered by a court in ruling on a summary judgment motion. *Id.* If the nonmoving party fails to make a showing sufficient to establish the existence of an element essential to its case and on which it will bear the burden of proof at trial, summary judgment must be granted. *Celotex*, 477 U.S. at 322-23.

As previously noted, Caballero filed no response to the summary judgment motion. This failure, of course, does not permit the court to enter a "default" summary judgment. *Eversley v. Mbank Dallas*, 843 F.2d 172, 174 (5th Cir. 1988). A court, however, is permitted to accept the movant's facts as undisputed when no response or opposition is filed. *Id.* Normally, "[a] summary judgment nonmovant who does not respond to the motion is relegated to [his] unsworn pleadings,

which do not constitute summary judgment evidence." *Bookman v. Schubzda*, 945 F. Supp. 999, 1002 (N.D. Tex. 1996) (citing *Solo Serve Corp. v. Westowne Assocs.*, 929 F.2d 160, 165 (5th Cir. 1991)). Caballero filed a one-page unsworn Original Answer ("Answer") in which he denies Region Bank's allegations or states that he has insufficient knowledge to form a belief as to the truth of the matters asserted. Because Caballero's Answer is not verified and he has presented no testimony or evidence in response to Region Bank's motion, he has presented no summary judgment evidence.

Under Texas law, "[a] guaranty is an undertaking by the guarantor to answer for the payment of some debt . . . of another person in the event of default." *Haggard v. Bank of Ozarks Inc.*, 668 F.3d 196, 199 (5th Cir. 2012) (quoting *United States v. Vahlco Corp.*, 800 F.2d 462, 465 (5th Cir. 1986)). Texas law considers a guarantor to be "a so-called favorite of the law and as such, a guaranty agreement is construed strictly in favor of the guarantor." *Id.* (quoting *Vahlco Corp.*, 800 F.2d at 465). To enforce the Guaranty against Caballero, Regions Bank must prove: "(1) the existence and ownership of the guaranty contract, (2) the terms of the underlying contract by the holder, (3) the occurrence of the conditions upon which liability is based, and (4) the failure or refusal to perform the promise by the guarantor." *Haggard*, 668 F.3d at 200 (quoting *Marshall v. Ford Motor Co.*, 878 S.W.2d 629, 631 (Tex. App. Dallas, 1994, no writ)). The rights of the guarantor are determined from the language of the guaranty. *Vastine v. Bank of Dallas*, 808 S.W.2d 463, 464 (Tex. 1991). Once the terms of a guaranty are ascertained, the guarantor is entitled to have his agreement strictly construed and enforced. *McKnight v. Virginia Mirror Co.*, 463 S.W.2d 428, 430 (Tex. 1971).

In support of its summary judgment motion, Regions Bank submitted (1) the Guaranty, which establishes the existence of the Guaranty by Caballero and Regions Bank's ownership of the

Guaranty and right to enforce its terms; and (2) the underlying Loan Documents that contain the terms of the Loan Documents and the occurrence of the conditions upon which liability is based. Regions Bank also submitted the Declaration of Gina Stevenson, who is the litigation manager for Regions Bank. Under the Guaranty, Caballero guaranteed full and timely payment and satisfaction of AIH's indebtedness under the Loan Documents and agreed to make payments upon demand by Plaintiff. Payment by Caballero was due on demand even if Plaintiff had not exhausted other remedies available to it. The evidence further establishes that AIH defaulted under the Note, and Plaintiff demanded payment from Caballero but Caballero has refused to satisfy the liquidated debt owed by AIH. Plaintiff has therefore satisfied the requirements for collection on the Guaranty. Because there is no genuine dispute of material fact, Plaintiff is entitled to judgment against Caballero in the full amount of the liquidated debt owed by AIH for $310,224.27.

Although the Guaranty provides for payment of attorney's fees and costs to Regions Bank "incurred in connection with the enforcement of this Guaranty," Plaintiff's only evidence of the attorney's fees and costs pertains to the fees and costs that it previously incurred in connection with its motion for default judgment against AIH. No other evidence of attorney's fees and costs incurred in connection with enforcing the Guaranty against Caballero was submitted. Accordingly, the court does not award Plaintiff any additional attorney's fees or costs with regard to its enforcement of the Guaranty against Caballero.

## IV.    Conclusion

For the reasons herein stated, the court **grants** Plaintiff's Motion for Final Summary Judgment. With regard to the issue of damages sought by Plaintiff in its Motion for Default Judgment Against Defendant American International Homes, Inc., the court determines that Plaintiff

is entitled to **$310,224.27** in damages and **$8,119.83** in reasonable attorney's fees and costs.  Further,
because Antonio Caballero guaranteed the full satisfaction of American International Homes, Inc.'s
indebtedness under the Flexline Agreement and Note, including any outstanding principal and
accrued interest owed, all collection and legal costs, and the lender's reasonable attorney's fees owed
by American International Homes, Inc., he is also liable for the total amount of the judgment against
American International Homes, Inc. In accordance with Rule 58 of the Federal Rules of Civil
Procedure, a judgment will issue by separate document.

      **It is so ordered** this 11th day of October, 2012.

      Sam A. Lindsay
      United States District Judge